[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#128)
CT Page 13951
The plaintiffs, Leonardo and Gloria Morales, bring this action to recover for personal injuries allegedly sustained by Leonardo Morales when the cover of a dumpster fell on him. Named as defendants are Renwick Minchin, The Service Realty Corporation (Service), Robert Neilsen, d/b/a Neilsen Sanitation (Neilsen), and Joel Feldman, d/b/a Putnam Services Unlimited (Putnam).
In their third amended complaint, the plaintiffs allege that on June 10, 1993, Leonardo Morales, while in the course of his employment with Putnam, was assigned to maintain property owned by Minchin and Service. The plaintiffs allege that Leonardo Morales sustained personal injuries while loading trash into a dumpster located on the property owned by Minchin and service. It is further alleged that the dumpster which caused Leonardo Morales to sustain his injuries is owned by Neilsen, and was placed on the property by Neilsen as part of an agreement to provide rubbish removal services to Minchin and Service.
The third amended complaint contains six counts. In the second count, the plaintiffs allege a cause of action against Neilsen pursuant to the Product Liability Act, General Statutes § 52-572(m). In support of their claim, the plaintiffs allege that Neilsen "manufactured, maintained, leased and/or sold" the dumpster to Minchin. In the fifth count, Gloria Morales asserts a loss of consortium claim against Neilsen based on the injuries allegedly sustained by her husband. In the other counts of the complaint, the plaintiffs assert claims against the other defendants which are not relevant for purposes of ruling on the pending motion for summary judgment.
On May 16, 1995, Neilsen filed a motion for summary judgment (#128), supported by a memorandum of law and the affidavit of Robert Neilsen. On June 14, 1995, the plaintiffs filed a memorandum in opposition along with the affidavit of one of the defendants, Renwick Minchin. Nielsen subsequently filed a reply memorandum and a copy of a request for admissions that was served upon Minchin.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other CT Page 13952 proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any [issue of] material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing such an issue. . . ." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 744-45, 660 A.2d 810 (1995).
In support of its motion, Neilsen argues that it is not a product seller, but rather, a provider of rubbish removal services. Neilsen argues that it does not sell dumpsters to its customers, but rather, provides them to customers as a component of their rubbish removal services. Neilsen also argues that providing a dumpster to a customer does not constitute a bailment because the customer is not given control or possession of the dumpster. Thus, Neilsen argues that as a matter of law, the plaintiffs cannot state a legally cognizable product liability claim.
In response, the plaintiffs argue that Neilsen placed the dumpster on Minchin's property for the mutual benefit of both Neilsen and Minchin. The plaintiffs also argue that Neilsen received monetary consideration from Minchin for use of the dumpster. Thus, the plaintiffs argue that Neilsen is a product seller because it is a bailor of the dumpster.
Section 52-572m(a) defines "product seller" as "any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption. The term `product seller' also includes lessors or bailors of products who are engaged in the business of leasing or bailment of products." In B. A. Ballou Co. v. Citytrust, 218 Conn. 749,591 A.2d 126 (1991), bailment was defined as a situation in which "the owner, while retaining general title, delivers personal property to another for some particular purpose upon an express or implied contract to redeliver the goods when the purpose has been fulfilled, or to otherwise deal with the goods according to the bailor's direction." Id., 753. However, "[o]nce a particular transaction is labeled a `service' as opposed to a `sale' of a `product' it is outside the purview of CT Page 13953 our Products Liability Statute." Zichichi v. Middlesex MemorialHospital, 204 Conn. 399, 403, 528 A.2d 805 (1987).
In his supporting affidavit, Robert Neilsen attests that he owns a dumpster which is used in connection with an agreement to remove refuse from Service's premises (¶ 6), and that he did not sell, lease or bail the dumpster in question. (¶ 7.) Neilsen further attests that he does not manufacture or sell dumpsters. (¶ 8.)
In opposing the motion for summary judgment, the plaintiffs' submit the affidavit of Renwick Minchin. Minchin attests that the dumpster was placed on his property by Neilsen (¶ 4), and that "[t]he dumpster was to be used by [Service], its agents, contractors and tenants in connection with maintenance of the property for trash and rubbish removal." (¶ 5.) Minchin further attests that Service "was billed by and paid [Neilsen] for the use of the dumpster for his regular removal of refuse from the property." (¶ 6.)
In the present case Neilsen's affidavit is conclusory in nature, and as such, does not establish that placing the dumpster on Minchin's property was not a bailment. Moreover, the facts attested to in Minchin's affidavit are sufficient to raise a genuine issue of material fact as to whether placing the dumpster on his property created a bailment. While Neilsen has also submitted a copy of a request to admit in which Minchin admits that he was not billed separately for the rental of the dumpster, this admission does not prove that a bailment was not created when the dumpster was placed on Service's premises. Thus, genuine issues of material fact exist with respect to whether a bailment exists, and whether Neilsen is a "product seller" as defined in § 52-572m(a).
Accordingly, the court denies Neilsen's motion for summary judgment.